VIRGINIA-CAROLINA CHEMICAL CO. *v.* ROME RAILWAY & LIGHT CO.

BECK, J. The court below did not err in refusing to grant an injunction in this case.

*Judgment affirmed. All the Justices concur.*

Argued January 15,—Decided July 21, 1908.

Petition for injunction. Before Judge Wright. Floyd superior court. October 4, 1907.

The Virginia-Carolina Chemical Company filed an equitable petition against the Rome Railway & Light Company, seeking to recover a certain right of way, and to enjoin the defendant from operating its street-cars over the plaintiff's land. The action was brought on an alleged breach of a contract made between plaintiff and the City Electric Railway Company (transferor of the defendant company). The contract is set out in the petition, and is, in part, as follows: "The Chemical Company for and in consideration of one dollar in hand paid, the receipt of which is hereby acknowledged, agrees to allow the Railway Company to construct its line on the proposed route [from Rome to Lindale, Ga.], on the following express terms and conditions: First. The Chemical Company will grant a tenant-at-will lease for a twenty-five foot right of way over the proposed route. Second. Should at any time the Chemical Company want the use of the land covered by this tenant-at-will lease, they will serve written notice upon the Railway Company of same, and the Railway Company agrees hereby to surrender the said tract and remove its tracks, within ninety days from the date of said notice, to such location on said Chemical Company's property as is hereby provided in this agreement. Third. Should the second provision of this contract be enforced, the Chemical Company agrees to select a location for the line of the Railway Company, which shall enter the Chemical

Company's property at the north side somewhere within a zone of fifty feet west of the line of the present survey, shown on the map attached, and said line shall run and said tracks be laid north and south within the confines of said fifty-foot zone, at such points therein as shall be designated by the Chemical Company; the understanding and intent being, that, within this new zone of fifty feet, the tracks of said Railway Company shall be laid in as straight a line as the necessities or interest of the Chemical Company will allow. Should it be decided to run the line within this fifty-foot zone, then and in that event the Chemical Company will convey to the Railway Company a deed for the necessary right of way, which shall be a strip of land as designated, twenty feet in width, from the north end and through to the south end of their property. All costs and expenses attached to said removal to be met and borne by the Railway Company, the rebuilding of fences or cost of removal of any building which may be within said zone to be included. Or the Chemical Company shall, if it so elects, select a location sixty feet east of the line of the present survey, covered by the tenant-at-will lease, and the track shall be laid in a line so that, when one hundred and eighty feet from the north line of the Chemical Company's property is reached, the track shall be ninety feet from the center line of the present survey; thence it shall be continued southward across the Chemical Company's property, in a line parallel with the said survey, to the south line of the Chemical Company's land. Should the Chemical Company decide upon this second route, and so locate the lines, then and in that event they agree to convey to the Railway Company a deed for this right of way, which shall be forty feet in width." In the seventh paragraph of the contract the right of eminent domain was waived, so far as the Chemical Company's property might be affected. On January 14, 1904, the plaintiff and the City Electric Railway Company entered into a second agreement, in part as follows: "The said City Electric Railway Company does hereby, in consideration of the terms and provisions of said contract of Jan. 8, 1904, accept the said lease as tenants at will under the terms and provisions of the aforesaid contract, all the terms, provisions, and conditions of which are to remain of full force and effect as to both parties." Afterwards, in accordance with the terms of the contract above mentioned, the City Electric Railway Company entered upon the

plaintiff's land and constructed its line of railway. Subsequently the plaintiff served a written notice upon the defendant, which is as follows: "In accordance with the terms of the tenant-at-will lease, entered into on January 24th, 1904, between the Virginia-Carolina Chemical Company and City Electric Railway Company, which latter company you succeeded, you are hereby notified to remove your tracks from the property of said Virginia-Carolina Chemical Company, and to surrender the tract of land referred to in said lease as a right of way, within ninety days from the date of this notice." The defendant refused to comply with said notice, and continued to operate its cars through said property.

At the hearing, after the plaintiff had introduced in evidence the verified petition, the defendant demurred orally to the petition, contending that the rights given to plaintiff in the third paragraph of the original contract, to compel the removal of defendant's tracks, were all the rights it had, and inasmuch as plaintiff, in giving the said notice, failed to point out another route on its property to which the tracks should be removed, in accordance with the third paragraph of the contract, the defendant was still acting within its rights under the contract, and that no injunction should issue. The court sustained the contention of the defendant company, and refused to grant the injunction prayed for. The plaintiff excepted.

*J. Branham, John W. & G. E. Maddox,* and *King, Spalding & Little,* for plaintiff, cited *Ga. R.* 20/735; 79/31; 34/281; 69/592; 70/160; 2/257; 75/849; 74/581; 129 U. S. 643.

*Dean & Dean,* for defendant, cited Civil Code, §§3132-3.